UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-80206-Cr-Marra/McCabe(s)
21 U.S.C. § 963
21 U.S.C. § 952(a)
21 U.S.C. § 960(b)(1)(B)
46 U.S.C. § 70503(a)(1)
46 U.S.C. § 70506(a)
18 U.S.C. § 924(c)
8 U.S.C. § 1324(a)(1)(A)
8 U.S.C. § 1324(a)(2)(B)(ii)
8 U.S.C. § 1327
8 U.S.C. § 1326(a) and (b)(2)
18 U.S.C. § 2
18 U.S.C. § 982(a)(6)

UNITED STATES OF AMERICA

vs.

GARDSTENE AUTRY HUNTER and
HENRY NOEL,

Defendants.
_____/



FILED BY ____ D.C.

FEB 27 2024

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. – W.P.B.

## SUPERSEDING INDICTMENT

The Grand Jury charges that:

### COUNT 1

From in or around February 2022, the exact date being unknown to the Grand Jury, and continuing through on or about October 31, 2023, in Palm Beach County, in the Southern District of Florida, and elsewhere, the defendant,

**GARDSTENE AUTRY HUNTER,**

did knowingly and intentionally combine, conspire, confederate, and agree with others, known and unknown to the Grand Jury, to import into the United States from a place outside thereof a controlled substance, in violation of Title 21, United States Code, Section 952(a); all in violation of Title 21, United States Code, Section 963.

It is further alleged that the controlled substance involved in the conspiracy attributed to **GARDSTENE AUTRY HUNTER**, as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, is five (5) kilograms or more of a mixture and substance containing a detectable amount of cocaine, in violation of Title 21, United States Code, Section 960(b)(1)(B).

## COUNT 2

On or about October 31, 2023, within the Special Maritime and Territorial Jurisdiction of the United States, and elsewhere, with Palm Beach County, in the Southern District of Florida, being the district to which the offender was first brought, the defendant,

## GARDSTENE AUTRY HUNTER,

did knowingly and intentionally attempt to import into the United States from a place outside thereof a controlled substance, in violation of Title 21, United States Code, Section 952(a); all in violation of Title 21, United States Code, Section 963, and Title 18, United States Code, Section 2.

Pursuant to Title 21, United States Code, Section 960(b)(1)(B), it is further alleged that this violation involved five (5) kilograms or more of a mixture and substance containing a detectable amount of cocaine.

## COUNT 3

On or about October 31, 2023, within the Special Maritime and Territorial Jurisdiction of the United States, and elsewhere, with Palm Beach County, in the Southern District of Florida, being the district to which the offender was first brought, the defendant,

## GARDSTENE AUTRY HUNTER,

did knowingly and intentionally possess with intent to distribute a controlled substance while on board a vessel subject to the jurisdiction of the United States, in violation of Title 46, United States Code, Section 70503(a)(1), and Title 18, United States Code, Section 2.

Pursuant to Title 46, United States Code, Section 70506(a), and Title 21, United States Code, Section 960(b)(1)(B), it is further alleged that this violation involved five (5) kilograms or more of a mixture and substance containing a detectable amount of cocaine.

## COUNT 4

On or about October 31, 2023, within the Special Maritime and Territorial Jurisdiction of the United States, and elsewhere, with Palm Beach County, in the Southern District of Florida, being the district to which the offender was first brought, the defendant,

**GARDSTENE AUTRY HUNTER,**

did knowingly possess a firearm in furtherance of, and did knowingly carry a firearm during and in relation to, a drug trafficking crime, a felony for which the defendant may be prosecuted in a court of the United States, that is, a violation of Title 21, United States Code, Section 963, and Title 46, United States Code, Section 70503(a)(1), as charged in Counts 1, 2 and 3 of this Indictment; in violation of Title 18, United States Code, Section 924(c)(1)(A)(i).

## COUNT 5

From in or around February 2022, the exact date being unknown to the Grand Jury, and continuing through on or about October 31, 2023, in Palm Beach County, in the Southern District of Florida, and elsewhere, the defendant,

**GARDSTENE AUTRY HUNTER,**

did knowingly and willfully conspire, confederate, and agree with other persons known and unknown to the Grand Jury, to commit an offense against the United States, that is, to encourage and induce aliens to come to, enter, and reside in the United States, knowing and in reckless disregard of the fact that such coming to, entry, and residence is and will be in violation of law, in violation of Title 8, United States Code, Section 1324(a)(1)(A)(iv); all in violation of Title 8, United States Code, Section 1324(a)(1)(A)(v)(I).

## COUNTS 6-10

On or about October 31, 2023, within the Special Maritime and Territorial Jurisdiction of the United States, and elsewhere, with Palm Beach County, in the Southern District of Florida, being the district to which the offender was first brought, the defendant,

**GARDSTENE AUTRY HUNTER,**

did knowingly bring, and attempt to bring, an alien, as set forth in Counts 6 through 10 below, to the United States for the purpose of commercial advantage and private financial gain, knowing and in reckless disregard of the fact that such alien had not received prior official authorization to come to, enter, and reside in the United States, regardless of any official action which may later be taken with respect to such alien:

| Count | Alien |
|---|---|
| 6 | Henry Noel, an adult male citizen of the Bahamas |
| 7 | G.J., an adult male citizen of Haiti |
| 8 | E.T., an adult male citizen of Haiti |
| 9 | K.D., an adult female citizen of Haiti |
| 10 | UNK, an adult female citizen of Haiti |

In violation of Title 8, United States Code, Section 1324(a)(2)(B)(ii), and Title 18, United States Code, Section 2.

## COUNT 11

On or about October 31, 2023, within the Special Maritime and Territorial Jurisdiction of the United States, and elsewhere, with Palm Beach County, in the Southern District of Florida, being the district to which the offender was first brought, the defendant,

**GARDSTENE AUTRY HUNTER,**

did knowingly aid and assist an alien, Henry Noel, to enter the United States, said alien being

inadmissible under Title 8, United States Code, Section 1182(a)(2), as an alien who had been convicted of an aggravated felony, in violation of Title 8, United States Code, Section 1327.

## COUNT 12

On or about October 31, 2023, within the Special Maritime and Territorial Jurisdiction of the United States, and elsewhere, with Palm Beach County, in the Southern District of Florida, being the district to which the offender was first brought, the defendant,

### HENRY NOEL,

an alien, having previously been removed and deported from the United States on or about March 5, 2013, and November 28, 2017, entered, attempted to enter, and was found to be in the United States, knowingly and unlawfully, without the Attorney General of the United States or his successor, the Secretary of Homeland Security (Title 6, United States Code, Sections 202(3), 202(4), and 557) having expressly consented to such alien's reapplying for admission to the United States, in violation of Title 8, United States Code, Section 1326(a) and (b)(2).

## FORFEITURE ALLEGATIONS

1. The allegations of this Indictment are hereby re-alleged and by this reference fully incorporated herein for the purpose of alleging forfeiture to the United States of America of certain property in which the defendant, **GARDSTENE AUTRY HUNTER**, has an interest.

2. Upon conviction of any violation of Title 8, United States Code, Section 1324, as alleged in this Indictment, the defendant, **GARDSTENE AUTRY HUNTER**, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(6), the following property:

    (i) any conveyance, including any vessel, vehicle, or aircraft, used in the commission of such offense;

    (ii) any property, real or personal, that constitutes, or is derived from, or is traceable to any proceeds obtained, directly or indirectly, from the commission of such

offense; and

(iii) any property, real or personal, that was used to facilitate, or intended to be used to facilitate, the commission of such offense.

3. Upon conviction of a violation of Title 8, United States Code, Section 1327, as alleged in this Indictment, the defendant, **GARDSTENE AUTRY HUNTER**, shall forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to such offense, pursuant to Title 18, United States Code, Section 981(a)(1)(C).

4. Upon conviction of a violation of Title 21, United States Code, Sections 963 or 852, as alleged in this Indictment, the defendant, **GARDSTENE AUTRY HUNTER,** shall forfeit to the United States any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of such offense, and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offense, pursuant to Title 21, United States Code, Section 853.

All pursuant to Title 21, United States Code, Section 853, as incorporated by Title 28, United States Code, Section 2461(c).

All pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 982(a)(6), Title 21, United States Code, Section 853, and Title 28, United States Code, Section 2461(c).

A TRUE BILL

_____
FOREPERSON

_____
MARKENZY LAPOINTE
UNITED STATES ATTORNEY

_____
RINKU TRIBUIANI
ASSISTANT UNITED STATES ATTORNEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

CASE NO.: <u>23-80206-Cr-Marra/McCabe(s)</u>

v.

GARDSTENE AUTRY HUNTER and
HENRY NOEL,
_____/
Defendants.

**CERTIFICATE OF TRIAL ATTORNEY**

**Superseding Case Information:**
New Defendant(s) (Yes or No) No
Number of New Defendants ____
Total number of counts 12

**Court Division** (select one)
☐ Miami   ☐ Key West   ☐ FTP
☐ FTL     ☒ WPB

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.
2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. §3161.
3. Interpreter: (Yes or No) No
   List language and/or dialect: ____
4. This case will take __3__ days for the parties to try.
5. Please check appropriate category and type of offense listed below:

   (Check only one)
   I   ☒ 0 to 5 days
   II  ☐ 6 to 10 days
   III ☐ 11 to 20 days
   IV  ☐ 21 to 60 days
   V   ☐ 61 days and over

   (Check only one)
   ☐ Petty
   ☐ Minor
   ☐ Misdemeanor
   ☒ Felony

6. Has this case been previously filed in this District Court? (Yes or No) Yes
   If yes, Judge  Marra            Case No.  23-80206
7. Has a complaint been filed in this matter? (Yes or No) Yes
   If yes, Magistrate Case No. 23-8539-RMM, 23-8564-WM
8. Does this case relate to a previously filed matter in this District Court? (Yes or No) No
   If yes, Judge _____ Case No. _____
9. Defendant(s) in federal custody as of  November 1, 2023 (Hunter), November 7, 2023 (Noel)
10. Defendant(s) in state custody as of _____
11. Rule 20 from the _____ District of _____
12. Is this a potential death penalty case? (Yes or No) No
13. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard? (Yes or No) No
14. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to October 3, 2019 (Mag. Judge Jared Strauss? (Yes or No) No
15. Did this matter involve the participation of or consultation with now Magistrate Judge Eduardo I. Sanchez during his tenure at the U.S. Attorney's Office, which concluded on January 22, 2023? No

By: *Rinku Tribuiani*
RINKU TRIBUIANI
Assistant United States Attorney
FL Bar No.    0150990

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name**: GARDSTENE AUTRY HUNTER

**Case No**: 23-80206-Cr-Marra/McCabe(s)

Count #: 1

Conspiracy to import into the United States 5 kilograms or more of cocaine

Title 21, United States Code, Sections 963, and 952(a)

* Max. Term of Imprisonment: life imprisonment
* Mandatory Min. Term of Imprisonment (if applicable): 10 years
* Max. Supervised Release: 5 years to life
* Max. Fine: up to $10 million dollars

Count #: 2

Attempted importation into the United States of 5 kilograms or more of cocaine

Title 21, United States Code, Sections 963, and 952(a) and Title 18, United States Code, Section 2

* Max. Term of Imprisonment: life imprisonment
* Mandatory Min. Term of Imprisonment (if applicable): 10 years
* Max. Supervised Release: 5 years to life
* Max. Fine: up to $10 million dollars

Count #: 3

Possession with intent to distribute 5 kilograms or more of cocaine onboard a vessel subject to the jurisdiction of the United States

Title 46, United States Code, Section 70503(a)(1)

* Max. Term of Imprisonment:   up to life imprisonment
* Mandatory Min. Term of Imprisonment (if applicable): 10 years
* Max. Supervised Release: 5 years to life
* Max. Fine: up to $10 million dollars

*Refers only to possible term of incarceration, supervised release and fines.  It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.

Count #: 4

Possession of a firearm in furtherance of, and during and in relation to, a drug trafficking offense

Title 18, United States Code, Section 924(c)

* **Max. Term of Imprisonment: up to life imprisonment**
* **Mandatory Min. Term of Imprisonment (if applicable): 5 years (consecutive to any other term of imprisonment imposed)**
* **Max. Supervised Release: 5 years**
* **Max. Fine: up to $250,000**

Count #: 5

Conspiracy to encourage and induce an alien to enter the United States, in violation of the law

Title 8, United States Code, Section 1324(a)(1)(A)(iv) and (a)(1)(A)(v)(I)

* **Max. Term of Imprisonment: up to 10 years imprisonment**
* **Mandatory Min. Term of Imprisonment (if applicable): 3 years**
* **Max. Supervised Release: up to 3 years**
* **Max. Fine: up to $250,000**

Counts #: 6-7

Attempted alien smuggling for pecuniary gain

Title 8, United States Code, Section 1324(a)(2)(B)(ii) and Title 18, United States Code, Section 2

* **Max. Term of Imprisonment: up to 10 years imprisonment**
* **Mandatory Min. Term of Imprisonment (if applicable): 3 years**
* **Max. Supervised Release: up to 3 years**
* **Max. Fine: up to $250,000**

**\*Refers only to possible term of incarceration, supervised release and fines. It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.**

Counts #: 8-10

Attempted alien smuggling for pecuniary gain

Title 8, United States Code, Section 1324(a)(2)(B)(ii) and Title 18, United States Code, Section 2

* Max. Term of Imprisonment:   up to 15 years imprisonment
* Mandatory Min. Term of Imprisonment (if applicable): 5 years
* Max. Supervised Release: up to 3 years
* Max. Fine: up to $250,000

Count #: 11

Aiding and assisting an aggravated felon to enter the United States

Title 8, United States Code, Section 1327

* Max. Term of Imprisonment:   up to 10 years imprisonment
* Mandatory Min. Term of Imprisonment (if applicable):
* Max. Supervised Release: 3 years
* Max. Fine: up to $250,000

*Refers only to possible term of incarceration, supervised release and fines.  It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name**: Henry Noel

**Case No**: 23-80206-Cr-Marra/McCabe(s)

Count #: 12:

Attempted illegal re-entry into the United States after deportation or removal

Title 8, United States Code, Section 1326(a) and (b)(2)

* **Max. Term of Imprisonment**:  up to 20 years
* **Mandatory Min. Term of Imprisonment (if applicable)**: n/a
* **Max. Supervised Release**: up to 3 years
* **Max. Fine**: up to $250,000 and a mandatory $100 special assessment upon conviction

*Refers only to possible term of incarceration, supervised release and fines. It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.